

July 27, 2021

**Thomas A. Gentile**
973.735.5785 (direct)
thomas.gentile@wilsonelser.com

**VIA ELECTRONIC FILING**

The Honorable P. Kevin Castel, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street, Courtroom 11D
New York, New York 10007

Re: *Castle Apparel, Ltd., et al. v. Del Vecchio, et al.*, No. 21 CV 04406 (S.D.N.Y.)
File No: 23681.00001

Dear Judge Castel:

      The undersigned counsel represents defendant Peak Trust Company ("Peak Trust") in the above-referenced civil action. Pursuant to Section 3 of Your Honor's Individual Practices, Peak Trust respectfully submits this pre-motion letter requesting leave to file a motion to dismiss Counts I, II and III of the complaint (ECF Doc. 1), as against defendant Peak Trust, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In addition, Peak Trust intends to join fully in the anticipated motion of defendants Claudio Del Vecchio, Matteo Del Vecchio, DV Family LLC and Delfin S.A.R.L. to stay discovery pending the resolution of all defendants' motions to dismiss.

### Allegations Concerning "The CDV 2015 Annuity Trust"

      As a preliminary matter, Peak Trust wishes to advise the Court (and all parties to this action) that the undersigned counsel appears in this matter as attorney for Peak Trust in Peak Trust's capacities as the trustee of the CDV Trust and as the trustee of the CDV 2010 Annuity Trust. The undersigned counsel does not make any appearance on behalf of Peak Trust in a capacity as a trustee of any trust called the "CDV 2015 Annuity Trust." Peak Trust is not aware that it has ever been a trustee of any trust called the "CDV 2015 Annuity Trust."

### Subject Matter Jurisdiction

      Peak Trust joins fully in the concerns regarding subject matter jurisdiction under 28 U.S.C. § 1332(a)(2) that defendants Claudio Del Vecchio, Matteo Del Vecchio, DV Family LLC and Delfin S.A.R.L. set forth in their own pre-motion letter.

200 Campus Drive • Florham Park, NJ 07932 • p 973.624.0800 • f 973.624.0808
Carolyn F. O'Connor • Regional Managing Partner, New Jersey

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Indiana • Kentucky
Las Vegas • London • Los Angeles • Miami • Michigan • Milwaukee • Missouri • New Jersey • New Orleans • New York • Orlando • Philadelphia • Phoenix
San Diego • San Francisco • Sarasota • Stamford • Virginia • Washington, DC • Wellington • White Plains
wilsonelser.com

2585703v.1



The legal basis for Peak Trust's anticipated motion to dismiss is as follows.

### Count I ("Breach of Contract")

Count I ("Breach of Contract") alleges that the CDV Trust and the CDV 2010 Annuity Trust are contractually liable under Section 4(a)(i) of the Stockholders Agreement dated July 1, 2016.  Specifically, Count I alleges that these two trusts, as "Principal Stockholders" under the Stockholders Agreement, are (to some unclear and unalleged extent) liable to the plaintiffs under the provision of Section 4(a)(i) that calls for "the Company or the Principal Stockholders" to make a payment to certain Investors if the Principal Stockholders "negotiate the terms of, and require each Investor to consummate, a Sale of the Company" for "less than the Minimum Valuation."

Peak Trust intends to join fully in the anticipated motion of defendants Claudio Del Vecchio, Matteo Del Vecchio, DV Family LLC and Delfin S.A.R.L. to dismiss Count I, as there was no "Sale of the Company" that would have triggered Section 4(a)(i) of the Stockholders Agreement.  The Chapter 11 restructuring of Brooks Brothers Group, Inc. was not a Sale of the Company that would trigger this provision because (among many other reasons) the Principal Stockholders (including the CDV Trust and the CDV 2010 Annuity Trust) did not "negotiate the terms" of the bankruptcy plan, nor did they "require" any Investor to consummate any sale.

### Count II (Breach of Covenant of Good Faith and Fair Dealing) and Count III (Breach of Fiduciary Duty

In a significant contrast with Count I, Counts II and III **do not** allege that a contractually-agreed liability has been triggered.  Rather, Counts II and II allege that all defendants **engaged in conduct** that gives rise to liability for bad faith (Count II) and breach of fiduciary duty (Count III). Peak Trust intends to join fully in the anticipated motion of defendants Claudio Del Vecchio, Matteo Del Vecchio, DV Family LLC and Delfin S.A.R.L. to dismiss Counts II and III for the numerous legal reasons that those defendants articulate in their own pre-motion letter.

Alternatively, and specifically as to the CDV Trust and the CDV 2010 Annuity Trust, Counts II and III must be dismissed because the complaint contains zero allegations of any acts on the part of Peak Trust (as trustee of those two trusts) that could give rise to any liability for breach of a covenant of good faith and fair dealing (Count II) or breach of fiduciary duty (Count III). Whereas the complaint does contain extensive allegations of conduct on the part of defendants Claudio Del Vecchio and Matteo Del Vecchio (which those defendants maintain are baseless), the complaint does not allege that Peak Trust actually did *anything* (other than serve as the trustee of trusts that held stock), much less anything that could give rise to any such liability.  The complaint's allegations as to these two trusts thus fall far short of the mandate of the United States Supreme Court in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, (2007), that a plaintiff must plead enough factual allegations "to raise a right to relief above the speculative level."  For this reason, Counts II and III must be dismissed to the extent that those counts allege any direct liability on the parts of the CDV Trust and/or the CDV 2010 Annuity Trust.

<a>
</a>
<pre>
</pre>
<p>
</p>



- 3 -

### Allegations of "Alter Ego" Liability as to Count II and Count III

The complaint also seeks to impose a form of secondary liability on the CDV Trust and the CDV 2010 Annuity Trust, through a series of so-called "Alter Ego Allegations." S*ee* Compl. (ECF Doc. 1) ¶¶ 64-72.  Here the complaint alleges (mostly "on information and belief") that Claudio Del Vecchio and Matteo Del Vecchio have exercised such "domination" over these two trusts that liability on behalf of the De Vecchios and on behalf of these two trusts should be interchangeable.  Yet applicable and binding case law holds that a trust can be held liable under such an "alter ego" theory only under specific circumstances that the complaint in this case does not allege.

In *Babbit v. Vebeliunas,* 332 F.3d 85 (2nd Cir. 2003), the Second Circuit reviewed a district court decision that had held that an action to pierce a trust under an "alter ego" theory was proper.  The Second Circuit reversed, holding that under applicable New York case law, the "alter ego" theory applies only to cases involving "allegations that the respective parties used trusts to conceal assets or engaged in fraudulent conveyances to shield funds from adverse judgment."  *Id*. at 91; *see also Pergament v. Magazeh Family Trust*, 310 B.R. 5, 16-17 (Bankr. E.D.N.Y. 2004) (recognizing that the Second Circuit in *Vebeliunas* held that New York courts will only pierce a trust under an "alter ego" theory in cases of concealed assets or fraudulent conveyances).

The complaint in this case **nowhere alleges** that the CDV Trust or the CDV 2010 Annuity Trust were ever used (by anyone) to conceal assets or to facilitate fraudulent conveyances.  Rather, the complaint's allegations as to the "alter ego" theory are wholly conclusory.  The complaint nowhere identifies any transactions between either of these two trusts and the De Vecchios (or anyone else) that could possibly warrant piercing these trusts within the limitations of *Vebeliunas*.

Allegations so lacking in specificity fail not only under the pleading standard of *Twombly*, *supra*, but also under the requirement of Rule 9(b) that allegations sounding in fraud "must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  Indeed, the complaint itself recognizes that its attempt to pierce these trusts necessarily sounds in fraud, as it states that "[a]llowing Claudio Del Vecchio and Matteo Del Vecchio to hide behind the shell of the Trusts and other entities that they established and control **would permit them to work a fraud** against TAL and TAL's stakeholders."  Compl. (ECF Doc. 1) ¶ 72 (emphasis added).

### Counts IV and V (Not Asserted Against Peak Trust)

The Complaint does not assert its Counts IV and V as against Peak Trust.

### Motion for Stay of Discovery

Peak Trust intends to join fully in the anticipated motion of defendants Claudio Del Vecchio, Matteo Del Vecchio, DV Family LLC and Delfin S.A.R.L. to stay discovery pursuant to Rule 26(c) pending the resolution of all defendants' motions to dismiss, for the reasons set forth in those defendants' own pre-motion letter.

## Conclusion

For the foregoing reasons, defendant Peak Trust Company respectfully requests of this Court leave to file a motion to dismiss Counts I, II and III of the complaint, as against defendant Peak Trust, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and to stay discovery pending the resolution of all defendants' motions to dismiss.

Also, Peak Trust joins fully in requesting that all defendants' motions to dismiss be briefed according to the proposed briefing schedule that defendants Claudio Del Vecchio, Matteo Del Vecchio, DV Family LLC and Delfin S.A.R.L. set forth in their own pre-motion letter.

Finally, the undersigned counsel for Peak Trust is available at all times to discuss with the Court any questions that the Court may have.

    Respectfully submitted,

    /s/ Thomas A. Gentile

    Thomas A. Gentile
    WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

TAG

cc:    All Counsel of Record (*via* Electronic Filing)

2585703v.1